**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| STANLEY TRAN,<br><br>Plaintiff,<br><br>v.<br><br>LEXISNEXIS RISK SOLUTIONS, INC.,<br><br>Defendant. | Case No.: |

## COMPLAINT

Plaintiff Stanley Tran ("Plaintiff"), by and through the undersigned counsel, brings this action on an individual basis against LexisNexis Risk Solutions Inc. ("LexisNexis" or "Defendant") for actual, statutory, and punitive damages, costs, and attorneys' fees arising from Defendant's violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., and alleges as follows:

## INTRODUCTION

1. This action arises from Defendant's reporting and repeated verification of a materially misleading automobile-loss record. Although Progressive determined that neither Plaintiff nor his girlfriend, Diep Ngo, were at fault for a July 4, 2025 collision, Progressive furnished the claim with the fault indicator blank, and LexisNexis reported it without a not-at-fault designation.

2. The omission was material because insurers could treat the unresolved field adversely when evaluating Plaintiff's eligibility and rate. Plaintiff was told that the claim was being viewed as at fault and received unreasonably high insurance quotes.

3. Plaintiff disputed the reporting with LexisNexis. Despite Progressive's own liability determination, Progressive verified the blank fault indicator as accurate, and LexisNexis left the materially incomplete claim unchanged.

**PARTIES**

4. Plaintiff Stanley Tran is a natural person who resides in Portland, Multnomah County, Oregon, and is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

5. LexisNexis is a Delaware corporation with its principal place of business at 1000 Alderman Drive, Alpharetta, Georgia 30005. LexisNexis conducts business throughout the United States, including Oregon and this District.

6. LexisNexis is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f). LexisNexis regularly assembles, evaluates, maintains, and disseminates information concerning consumers for the purpose of furnishing "consumer reports," as defined by 15 U.S.C. § 1681a(d), to third parties, including insurers.

7. Among other products, LexisNexis compiles and sells C.L.U.E. automobile loss-history reports that insurers use to evaluate applications, determine eligibility, and set premiums.

## JURISDICTION AND VENUE

8. This Court has subject-matter jurisdiction under 28 U.S.C. § 1331 and 15 U.S.C. § 1681p because Plaintiff's claims arise under the FCRA.

9. Venue is proper in this District under 28 U.S.C. § 1391(b)(1) because Defendant maintains its principal place of business in this District.

## FACTUAL ALLEGATIONS

### The July 4, 2025 Collision and Liability Determination

10. On July 4, 2025, Plaintiff was driving a 2019 Lexus RX 350 insured under a Progressive policy on which his then-girlfriend, Diep Ngo, was the primary policyholder.

11. A driver operating a 2025 Subaru Crosstrek made a reckless turn and struck Plaintiff's vehicle.

12. Progressive opened Claim Number 25-519465316, also reported without punctuation as Claim Number 25519465316, in connection with the collision.

13. The July 4, 2025 claim is the only automobile insurance claim in Plaintiff's loss history.

14. Progressive determined that neither Plaintiff nor his girlfriend were at fault for the collision.

15. On September 1, 2025, a Progressive Claims Generalist Associate confirmed the liability determination to Plaintiff in writing, stating: "[W]e have not found you at fault for this accident from 07/04/2025."

16. On June 5, 2026, Progressive again confirmed its completed liability investigation in a letter concerning Claim Number 25-519465316. Progressive stated that it had "found the driver of the 2025 Subaru Crosstrek liable for the collision.”

**LexisNexis’s Materially Misleading Reporting**

17. Progressive furnished information concerning Claim Number 25519465316 to LexisNexis for inclusion in Plaintiff's C.L.U.E. automobile loss-history file and consumer reports.

18. LexisNexis reported the July 4, 2025 collision under Plaintiff's name as a collision claim, together with property-damage and personal-injury-protection components. The report reflected that the personal-injury-protection component had a disposition of "Subrogation" and a claim amount of approximately $21,789.

19. However, LexisNexis left the claim's "At-Fault Indicator" blank. The report did not identify the claim as "Not At Fault," even though Progressive had determined that the other driver was liable and that Plaintiff was not at fault.

20. Reporting a collision and a substantial claim payment while omitting the known not-at-fault determination created an incomplete and materially misleading description of Plaintiff's loss history and true insurance-risk profile.

21. A reasonable insurer reviewing the C.L.U.E. report could interpret the blank fault field as an unresolved fault determination or treat the claim as an at-fault accident. The omission was therefore objectively likely to affect insurance eligibility and pricing.

22. LexisNexis's own records reflect that insurers requested Plaintiff's C.L.U.E. information in connection with automobile-insurance shopping, including inquiries associated with Allstate, Liberty Mutual, State Farm, Amica Mutual Insurance, Progressive, and GEICO (collectively, the "Insurance Companies") between July 2025 and March 2026.

23. Plaintiff sought alternative coverage from insurers including GEICO, State Farm, and Amica Mutual Insurance. Plaintiff received quotes that he considered unreasonably high and did not purchase the alternative coverage.

24. Upon information and belief, LexisNexis prepared and furnished one or more consumer reports concerning Plaintiff to some or all of the Insurance Companies, including Claim Number 25519465316 without the known not-at-fault determination.

25. LexisNexis violated 15 U.S.C. § 1681e(b) by failing to establish and follow reasonable procedures to assure the maximum possible accuracy and completeness of the automobile loss-history information it prepared and furnished concerning Plaintiff to the Insurance Companies.

**Plaintiff's Disputes with LexisNexis**

26. In September 2025, Plaintiff obtained and reviewed his LexisNexis consumer disclosure and learned that LexisNexis had failed to identify Claim Number 25519465316 as not at fault.

27. Plaintiff contacted LexisNexis in October 2025 to dispute the claim's incomplete fault reporting and later provided identification and proof of address. Plaintiff did not receive a substantive correction.

28. On June 1, 2026, Plaintiff again contacted LexisNexis and disputed the incomplete fault reporting by telephone.

29. A LexisNexis representative informed Plaintiff that Progressive had furnished the claim with the fault indicator left blank and represented that LexisNexis would dispute the information with Progressive so that the not-at-fault status could be added.

30. On June 9, 2026, Plaintiff mailed LexisNexis a written dispute by certified mail. LexisNexis received the dispute on June 15, 2026.

31. The dispute explained that Plaintiff was not at fault for the July 4, 2025 collision, challenged the blank fault indicator as incomplete and misleading, and requested that LexisNexis accurately report the claim as not at fault.

32. By the time of the June 2026 disputes, LexisNexis had actual notice that Plaintiff challenged the completeness and accuracy of the fault indicator and that Progressive's own claim records established that Plaintiff was not at fault.

**LexisNexis's Unreasonable Reinvestigation and Failure to Correct**

33. Upon information and belief, LexisNexis transmitted notice of Plaintiff's disputes and the substance of the disputes to Progressive pursuant to 15 U.S.C. §

1681i(a)(2).

34. LexisNexis possessed the information necessary to resolve the disputes, including its September 1, 2025 written statement that Plaintiff had not been found at fault and its June 5, 2026 written determination that the Subaru driver was liable.

35. Nevertheless, LexisNexis failed to reasonably investigate the disputed fault indicator, failed to review all relevant information, and verified that the blank fault indicator was accurate.

36. On June 19, 2026, LexisNexis issued results of reinvestigation under Case Number 51652439. LexisNexis stated that it had researched the disputed automobile-insurance claim information with Progressive and determined that the data being reported was accurate.

37. On June 23, 2026, LexisNexis issued a second set of results under Case Number 55026899. LexisNexis again stated that it had conducted research with Progressive, that the record was accurate, and that it would remain in Plaintiff's file.

38. LexisNexis generated updated consumer disclosures with each response. In both updated disclosures, the at-fault indicator for Claim Number 25519465316 remained blank.

39. LexisNexis's repeated reliance on Progressive's rote verification, despite the specific nature of Plaintiff's disputes and the documentary proof of the actual liability determination, was not a reasonable reinvestigation.

40. LexisNexis failed to adequately review all of the information provided to it by Plaintiff in support of Plaintiff's dispute.

41. Upon information and belief, Defendant LexisNexis failed to conduct a reasonable reinvestigation of Plaintiff's disputes.

42. Thereafter, LexisNexis failed to record the current status of the disputed information, failed to correct or delete the incomplete and misleading information, and continued to maintain and report the claim without the known not-at-fault designation in violation of 15 U.S.C. § 1681i(a)(1)(A).

**Post-Dispute Publication and Plaintiff's Damages**

43. On July 23, 2026, after LexisNexis had completed the two June reinvestigations, Plaintiff applied for automobile insurance with Farmers Insurance Exchange.

44. Farmers provided Plaintiff a six-month preliminary estimate totaling $2,094, including fees. The estimate expressly stated that issuance and rates were subject to underwriting guidelines and consumer reports, including loss-history reports.

45. Upon information and belief, Farmers obtained and considered a consumer report concerning Plaintiff, including his automobile loss history, in connection with the July 23, 2026 estimate.

46. The Farmers estimate was unreasonably high for Plaintiff, and he did not accept it.

47. LexisNexis's conduct deprived Plaintiff of a fair opportunity to obtain automobile insurance based on his true risk profile and subjected him to less favorable insurance terms and prices.

48. As a direct and proximate result of LexisNexis's conduct, Plaintiff suffered actual damages, including inflated insurance quotes; loss of the ability to purchase and benefit from insurance priced according to his true risk profile; impairment of his true risk profile and reputation for insurance purposes; and the expenditure of time, effort, and money attempting to identify and correct the inaccurate and incomplete reporting.

49. Plaintiff spent substantial time requesting reports, preparing disputes, gathering supporting documents, communicating with LexisNexis and Progressive..

50. Plaintiff also suffered frustration, stress, anxiety, and embarrassment from being portrayed as a higher-risk driver, being unable to obtain reasonably priced alternative coverage, and LexisNexis's refusal to correct information contradicted by Progressive's own records.

51. At all relevant times, LexisNexis acted through its agents, servants, and employees acting within the course and scope of their agency or employment.

52. LexisNexis's conduct was willful because it knowingly or recklessly failed to comply with its respective FCRA duties after receiving specific notice and documentary proof that the blank fault indicator was incomplete and misleading. Alternatively, LexisNexis's conduct was negligent.

**COUNT I**
**15 U.S.C. § 1681e(b)**
**Failure to Follow Reasonable Procedures to Assure Maximum Possible Accuracy**
**(Against Defendant LexisNexis)**

67. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

68. Whenever a consumer reporting agency prepares a consumer report, the FCRA requires it to follow reasonable procedures to assure maximum possible accuracy of the information concerning the consumer. 15 U.S.C. § 1681e(b).

69. LexisNexis prepared and furnished one or more consumer reports concerning Plaintiff that included Claim Number 25519465316 with the at-fault indicator left blank, even though the known and correct liability determination was that Plaintiff was not at fault.

70. The omission rendered the reports incomplete and materially misleading because a reasonable insurer could interpret the blank field as unresolved or adverse and use the claim to evaluate Plaintiff as an at-fault driver.

71. LexisNexis violated 15 U.S.C. § 1681e(b) by failing to establish and follow reasonable procedures to assure the maximum possible accuracy and completeness of the automobile loss-history information it prepared and furnished concerning Plaintiff.

72. LexisNexis's violations were a direct and proximate cause of Plaintiff's damages.

73. LexisNexis's violations were willful, rendering it liable for actual or statutory damages and punitive damages under 15 U.S.C. § 1681n. Alternatively, LexisNexis was negligent, rendering it liable for actual damages under 15 U.S.C. § 1681o.

74. Plaintiff is entitled to recover his reasonable attorneys' fees and costs under 15 U.S.C. §§ 1681n and 1681o.

**COUNT II**
**15 U.S.C. § 1681i**
**Failure to Perform a Reasonable Reinvestigation**
**(Against Defendant LexisNexis)**

75. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

76. When a consumer disputes the completeness or accuracy of information contained in the consumer's file, the FCRA requires a consumer reporting agency to conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and to record the current status of the information or delete it. 15 U.S.C. § 1681i(a)(1)(A).

77. Plaintiff disputed the completeness and accuracy of Claim Number 25519465316 and specifically explained that the blank fault indicator misleadingly omitted Progressive's determination that Plaintiff was not at fault.

78. LexisNexis violated 15 U.S.C. § 1681i by failing to conduct reasonable reinvestigations, failing to meaningfully consider the nature of Plaintiff's disputes and the

evidence supporting them, and accepting Progressive's verification without reconciling it with Progressive's documented liability determination.

79. LexisNexis further violated 15 U.S.C. § 1681i by failing to record the current status of the disputed information or delete or modify information that was inaccurate, incomplete, or could not be verified as complete.

80. LexisNexis's violations were a direct and proximate cause of Plaintiff's damages.

81. LexisNexis's violations were willful, rendering it liable for actual or statutory damages and punitive damages under 15 U.S.C. § 1681n. Alternatively, LexisNexis was negligent, rendering it liable for actual damages under 15 U.S.C. § 1681o.

82. Plaintiff is entitled to recover his reasonable attorneys' fees and costs under 15 U.S.C. §§ 1681n and 1681o.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that the Court enter a judgment awarding Plaintiff actual damages, statutory damages, punitive damages, and reasonable attorneys' fees and costs, and awarding Plaintiff such other and further relief as the Court may deem appropriate and proper.

## DEMAND FOR JURY TRIAL

Plaintiff is entitled to and hereby demands a trial by jury on all issues so triable.

**RESPECTFULLY SUBMITTED**, on August 18, 2026

By:

*/s/ Moshe Boroosan*
Moshe Boroosan, GA Bar #744128
CONSUMER ATTORNEYS PLLC
2800 N Druid Hills NE, Building A, Suite D,
Atlanta, GA 30329
T: (718) 874-6960
E: mboroosan@consumerattorneys.com

*Attorneys for Plaintiff Stanley Tran*